UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KAREN J. FABER-WOMACK,

                Plaintiff,            MEMORANDUM & ORDER
                                                  08-CV-2368(JS)(WDW)

      – against –

TOWN OF RIVERHEAD POLICE DEPARTMENT,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Karen J. Faber-Womack, Pro Se
                       P.O. Box 434
                       Riverhead, NY 11901

For Defendant:      Sharon N. Berlin, Esq.
                       Lisa A. Azzato, Esq.
                       Michelle S. Feldman, Esq.
                       Lamb & Barnosky, LLP
                       534 Broadhollow Road, Suite 210
                       Melville, NY 11747-2300

SEYBERT, District Judge:

      On June 12, 2008, Plaintiff Karen J. Faber-Womack ("Plaintiff") commenced this action against the Town of Riverhead Police Department ("Defendant") alleging that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., 42 U.S.C. §§ 1981, 1983, and 1985, and "any related claims under New York Law."

      Pending before the Court is Defendant's unopposed motion to dismiss.[1]

---

[1] Defendant filed its motion to dismiss on September 25, 2008. On April 20, 2009, well over the time to respond had passed, the Court granted Plaintiff additional time, until May 19, 2009, to oppose Defendant's motion. On May 19, 2009,

BACKGROUND

Plaintiff began employment with the Town of Riverhead Police Department in 1984 as a part-time police officer. At some point, Plaintiff became a full-time parking meter officer. Plaintiff maintains that her time, attendance, and work performance has at all times been satisfactory.

In 2002, an individual to whom Plaintiff was issuing a parking ticket ran over Plaintiff's foot. In October of 2004, Plaintiff's foot injury worsened. On October 14, 2004, Plaintiff underwent surgery for her injury and went out on Worker's Compensation leave.[2] Plaintiff maintains that she was allowed to be out on Worker's Compensation leave for one year.

In December of 2004, Plaintiff received a letter from David J. Hegermiller, Police Chief, stating that Plaintiff's position was being eliminated for the 2005 year. Plaintiff alleges that her position was not eliminated, but rather was renamed as Traffic Control Officer/Traffic Control Specialist. Defendant

---

Plaintiff requested additional time to file her response. The Court granted Plaintiff until June 18, 2009. Plaintiff failed to respond by that date. Nonetheless, the Court granted Plaintiff a third extension, until July 24, 2009, to file her opposition. It has now been nearly one year since Defendant filed its motion to dismiss, and Plaintiff has yet to file her opposition.

[2] Although Plaintiff's Complaint states that her surgery and Worker's Compensation leave occurred in October of 2005, based on the remaining facts in Plaintiff's Complaint, the Court presumes that this date is a typographical error and Plaintiff actually underwent surgery in October of 2004.

later offered Plaintiff a part-time seasonal position as Traffic Control Officer/Traffic Control Specialist. While not stated in her Complaint, it appears that Plaintiff accepted this part-time position.

On March 27, 2007, Defendant informed Plaintiff that she was not in compliance with the Detention Attendance Policy and asked Plaintiff to resign.

Plaintiff filed an administrative complaint with the New York State Division of Human Rights ("NYSDHR") on August 27, 2007, and filed a charge with the Equal Employment Opportunity Commission ("EEOC") at around the same time. On February 28, 2008, the EEOC issued a Notice of Right to Sue and dismissal adopting the NYSDHR's findings.

On June 12, 2008, Plaintiff filed a Complaint with this Court. Plaintiff maintains that she was unlawfully discriminated against on the basis of her disability, race, color, and gender. Plaintiff also states that she has been retaliated against since filing her administrative complaint.

DISCUSSION

I.  Standard of Review

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must put forth enough factual allegations to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d

929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, __ L. Ed. 2d. __ (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal citations and quotations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint fails to state a claim. Id. The plaintiff's factual allegations, in short, must show that the plaintiff's claim is "plausible," not merely "conceivable." Id. at 1951.

When considering a motion to dismiss, a court can first identify pleadings that are not entitled to the assumption of truth because they are mere conclusions unsupported by factual allegations. See Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). After locating the well-pleaded factual allegations, the court should assume their truthfulness and "then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

4

The Court recognizes that pro se plaintiffs are entitled to a more liberal pleading standard. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197; 167 L. Ed. 2d 1081 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 25 (1976)) (internal quotation marks omitted); Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008). Nonetheless, pro se plaintiffs must still comport with the procedural and substantive rules of law. See Javino v. Town of Brookhaven, No. 06-CV-1245, 2008 WL 656672, at *3 (E.D.N.Y. Mar. 4, 2008).

II. Claims Against Riverhead Police Department

A local police department, such as the Town of Riverhead Police Department, "is considered an administrative arm of the County, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued." Aguilera v. County of Nassau, 425 F. Supp. 2d 320, 323 (E.D.N.Y. March 27, 2006) (citations omitted). Plaintiff's claims against the Town of Riverhead Police Department are thus more appropriately raised against Defendant Town of Riverhead. Accordingly, the Court dismisses with prejudice all claims against the Town of Riverhead Police Department.

However, the Court rejects Defendant's argument that Plaintiff's Complaint should be dismissed in its entirety because

Plaintiff named the wrong party. Bearing in mind Plaintiff's pro se status, the Court construes Plaintiff's Complaint liberally and will treat all claims against the Town of Riverhead Police Department as claims against the Town of Riverhead. See Cameron v. Coach Apparel Store, No. 07-CV-3991, 2009 U.S. Dist. LEXIS 16704, at *4 (S.D.N.Y. Mar. 3, 2009) (construing all claims against the New York Police Department as being claims against the City of New York).

III. New York State Human Rights Law Claims

It is unclear from her Complaint whether Plaintiff states a claim under the New York State Human Rights Law. However, to the extent that Plaintiff states claims under this law, such claims are dismissed for lack of jurisdiction. It is well-established that "once a complainant elects the administrative forum by filing a complaint with the NYSDHR, a subsequent judicial action on the same complaint is generally barred unless one of the three exceptions in the statute is applicable." Johnson v. County of Nassau, 411 F. Supp. 2d 171, 184 (E.D.N.Y. 2006) The three exceptions are where the Human Rights Division has dismissed Plaintiff's complaint "on the grounds of administrative convenience, . . . untimeliness, or on the grounds that the election of remedies is annulled." N.Y. Exec. Law § 297(9). Here, Plaintiff elected to proceed with her New York state human rights claims in the NYSDHR. Plaintiff received a finding of no probable cause; accordingly, none of the

three exceptions apply and the Court must DISMISS Plaintiff's New York State Human Right's Law claims with prejudice for lack of jurisdiction.[3]

IV. Title VII Gender Discrimination Claims

Plaintiff claims that Defendant violated Title VII by discriminating against Plaintiff based on her race, color, and gender.  However, Plaintiff's administrative complaint with the NYSDHR and EEOC only state race and color discrimination claims.  As a general proposition, a plaintiff's claims that are not set forth explicitly in an administrative filing, but which are reasonably related to claims made in the charge, may be set forth in a subsequent action in federal court.  Butts v. City of New York Dep't of Hous. Preservation and Dev., 990 F.2d 1397, 1402 (2d Cir. 1993).

Claims not asserted in an administrative charge may be brought in federal court if such claims "1) fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination; 2) constitute retaliation for filing a timely EEOC charge; or 3) constitute further incidents of discrimination perpetrated in the same manner as alleged in the EEOC charge."  Parekh v. Swissport Cargo Servs., No. 08-CV-1994, 2009 U.S. Dist. LEXIS 8543, at *10 (E.D.N.Y. Feb. 5, 2009) (citing

---

[3] Because the Court dismisses Plaintiff's state law claims for lack of jurisdiction, the Court declines to address Defendant's remaining grounds for dismissal.

7

Butts, 990 F.2d at 1402-1403).

Here, the Court finds that Plaintiff's new claim of gender discrimination is not reasonably related to the race and color discrimination claims set forth in Plaintiff's administrative filings. Plaintiff's written complaint with the NYSDHR does not mention gender discrimination whatsoever; as such there is no indication to the Court that the administrative agencies would have investigated Plaintiff's gender discrimination claim. Additionally, although Plaintiff indicates that she was retaliated against for filing her NYSDHR charge, her NYSDHR charge did not mention gender discrimination and there are no facts otherwise contained in Plaintiff's Complaint that indicate that this alleged retaliation was in anyway related to Plaintiff's gender. Thus, the Court DISMISSES with prejudice Plaintiff's Title VII gender discrimination claim.

V. Sections 1981, 1983, and 1985 Claims

A plaintiff asserting a violation of Section 1981 must allege facts supporting the following elements: (1) "the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). "The events of intentional and purposeful discrimination, as well as the racial animus constituting the

8

motivating factor for defendants' actions, must be specifically pleaded in the complaint." Amadasu v. Ngati, No. 05-CV-2585, 2006 U.S. Dist. LEXIS 19654, at *18 (E.D.N.Y. Mar. 27, 2006)

Section 1981 only prohibits race-based discrimination. Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998). Thus, Plaintiff may not assert a Section 1981 claim based on her gender or alleged disability. Furthermore, the Court finds that Plaintiff fails to set forth the requisite intent required to state a Section 1981 claim. Plaintiff states in conclusory terms that Defendant discriminated against her on the basis of her race, but does not set forth any facts substantiating a claim for purposeful discrimination or animus. "Plaintiff's failure to allege purposeful discrimination or animus is fatal to [her] Section 1981 claim." Amadasu, 2006 U.S. Dist. LEXIS at * 18. Accordingly, the Court DISMISSES Plaintiff's Section 1981 claim. However, given Plaintiff's pro se status, the Court grants Plaintiff leave to amend this claim. See Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) ("[W]hen addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'") (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

Section 1983 provides a means of redress for constitutional violations by persons acting under color of state

law.  This statute does not create a substantive right; rather to recover, a plaintiff must establish the deprivation of a separate, federal right.  See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  Complaints that allege Section 1983 violations must have specific allegations of fact that indicate that a deprivation of statutory or constitutional rights occurred.  See id.; Humpherys v. Nager, 962 F. Supp. 347, 351 (E.D.N.Y. 1997).

> In relevant part, the statute provides,[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

When bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)); see also Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977).  "Local governing bodies . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval

through the body's official decisionmaking channels." <u>Monell</u>, 436 U.S. at 690-91 (citations omitted).

Plaintiff's Section 1983 claim fails for failure to allege that the municipality Defendant had an official policy or custom that violated Plaintiff's rights. Moreover, "[a] § 1983 action may not . . . be brought to vindicate rights conferred only [by] a statute that contains its own structure for private enforcement, such as Title VII." <u>Patterson v. County of Oneida</u>, 375 F.3d 206, 225 (2d Cir. 2004). Here, Plaintiff's alleged Section 1983 claims appear to be based on a violation of Title VII. However, a "'Title VII plaintiff is not precluded from bringing a concurrent § 1983 cause of action,' such as a claim for denial of equal protection, 'so long as the § 1983 claim is based on a distinct violation of a constitutional right.'" <u>Id.</u> (quoting <u>Gierlinger v. New York State Police</u>, 15 F.3d 32, 34 (2d Cir. 1994). Given Plaintiff's <u>pro se</u> status, the Court grants Plaintiff leave to amend her Section 1983 claim to cure the deficiencies noted herein.

Additionally, the "deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985 (3)." <u>Great Am. Fed. Sav. & Loan Ass'n v. Novotny</u>, 442 U.S. 366, 378, 60 L. Ed. 2d 957, 99 S. Ct. 2345 (1979). Plaintiff's Section 1985 claim also appears to be based on a violation of Title VII. Her Section 1985 claim also fails because Plaintiff fails to plead

11

any facts indicating that Defendant engaged in a conspiracy. "[A]n action will lie under § 1985(3) when a plaintiff is injured by a private conspiracy to interfere with his constitutional rights, so long as there is 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Colombrito v. Kelly, 764 F.2d 122, 130 (2d Cir. 1985) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971)). Accordingly, Plaintiff's Section 1985 claim is DISMISSED. As with her Section 1983 claim, Plaintiff may amend her Section 1985 claim if she can state a cognizable claim under this statute.

VI. ADA Claim

Defendant argues, and the Court agrees, that Plaintiff fails to state a claim under the ADA. To state a claim under the ADA, Plaintiff must allege that: "(1) [her] employer is subject to the ADA; (2) [s]he was disabled within the meaning of the ADA; (3) [s]he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) [s]he suffered adverse employment action because of his disability." Giordano v. City of N.Y., 274 F.3d 740, 747 (2d Cir. 2001) (citing Heyman v. Queens Vill. Comm. for Mental Health, 198 F.3d 68, 72 (2d Cir. 1999).

Here, Plaintiff fails to plead an injury under the ADA. "In order to show a disability within the meaning of the ADA,

[Plaintiff] must demonstrate: (a) a physical or mental impairment that substantially limits one or more of [her] major life activities . . . ; (b) a record of such impairment; or (c) being regarded as having such an impairment." <u>Delgado v. Triborough Bridge & Tunnel Auth.</u>, 485 F. Supp. 2d 453, 459 (S.D.N.Y. 2007) (citing 42 U.S.C. § 12102(2)). Here, while Plaintiff's ankle injury may be considered a "physical impairment" which arguably limits one or more of her major life activities, Plaintiff had failed to plead that her major life activities have been <u>substantially</u> impaired.

> The ADA defines "substantially limits" as
>
> (i) Unable to perform a major life activity that the average person in the general population can perform; or
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

The statute further states that the following factors should be considered in determining whether an individual is substantially limited in a major life activity:

> (i) The nature and severity of the impairment;
> (ii) The duration or expected duration of the impairment; and
> (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

Plaintiff states that she suffered a work-related injury that required surgery on her ankle. She has not alleged whether she continued to suffer after her injury, whether the injury had any permanent or long term impact, how severe her initial injury was, etc. Accordingly, the Court cannot determine whether Plaintiff suffered an ADA injury, and as such dismisses Plaintiff's ADA discrimination claim. However, given Plaintiff's pro se status, the Court grants Plaintiff an opportunity to amend her Complaint to set forth a more definite statement of her injury.

VII. Title VII Claims

Plaintiff's Complaint contains claims under Title VII for race and color discrimination. Plaintiff alleges that Defendant retaliated against her, failed to promote her, failed to hire her, offered her unequal terms and conditions of employment, and terminated her on the basis of her race and color. Defendant presents only one argument in support of dismissal of these claims: that Plaintiff named the wrong party in her Complaint. However, the Court has already rejected this argument; thus, Plaintiff's Title VII race and color discrimination claims remain in this action.

CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's Human Rights Law and Title VII gender discrimination claims are dismissed

with prejudice, and Plaintiff's Sections 1981, 1983, 1985, and ADA claims are dismissed without prejudice.  Additionally, all claims against the Town of Riverhead Police Department are dismissed with prejudice; the Clerk of the Court is directed to replace this Defendant with the Town of Riverhead.

Plaintiff's Title VII race and color discrimination claims remain in this action. Plaintiff may file an Amended Complaint by October 1, 2009, correcting the deficiencies noted in her Sections 1981, 1983, and 1985 claims and her ADA claim.  The Amended Complaint must name the correct Defendant, the Town of Riverhead, and shall not contain claims for a violation of the Human Rights Law or claims of gender discrimination under Title VII as such claims were dismissed with prejudice by this Court.  If Plaintiff fails to file an Amended Complaint by October 1, 2009, the Court will presume that Plaintiff wishes to continue only with her Title VII race and color discrimination claims.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  10 , 2009
       Central Islip, New York